**Richard M. TARR, trading and doing business as G & S Appliance Company, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, a corporation, Defendant.**

**Civ. A. No. 75–1261.**

United States District Court, W. D. Pennsylvania.

Sept. 8, 1976.

Samuel J. Pasquarelli, Pittsburgh, Pa., for Tarr.

Alexander H. Lindsay, Thomas F. Weis, Pittsburgh, Pa., for General Electric Co.

## MEMORANDUM

SORG, Chief Judge.

Richard M. Tarr (Tarr), plaintiff in the above-entitled action, has brought this action for damages against General Electric Company (G.E.), a manufacturer of home appliances, alleging that, in violation of 15 U.S.C.A. § 13 *et seq.*,[1] G. E. has sold home appliances to the plaintiff, a retail seller and franchisee of G. E., at prices greater than those paid by builders, realtors, and developers for the same products. Jurisdiction is predicated on 15 U.S.C.A. § 15.[2]

G.E. has moved for Summary Judgment as to Count I of Plaintiff's Complaint.

It is not disputed that from December 31, 1973, to February 6, 1975, Tarr was a franchised dealer of G.E., engaged in retail sales. He contends that, during this period of time, G.E. sold appliances to builders, realtors, and real estate developers who incorporated the appliances into homes that they rented or sold to the same consumers serviced by him. Plaintiff therefore argues that, by reason of such sales, he is in competition with the builders, realtors, and developers and that, by selling to them at lower prices (a fact not disputed for purposes of this motion) G.E. has engaged in discriminatory pricing.

In *Minneapolis-Honeywell Regulator Co. v. FTC*, 191 F.2d 786 (7th Cir. 1951), *cert. dismissed*, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952), the court was confronted with a similar situation in which Minneapolis-Honeywell was alleged to have engaged in discriminatory pricing in connection with the sale of automatic temperature controls to competing manufacturers of oil burners

---

1. Section 2 of the Clayton Act, as amended by § 2(a) of the Robinson-Patman Antidiscrimination Act, 15 U.S.C.A. § 13(a) provides in pertinent part:

   § 13. Discrimination in price, services, or facilities—Price; selection of customers
   
      (a) It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States, . . . and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them . . . .

2. 15 U.S.C.A. § 15 provides:

   § 15. Suits by persons injured; amount of recovery
   
      Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

8

for domestic heating plants. In deciding that Minneapolis-Honeywell's differential in prices did not produce the anti-competitive effect proscribed by Section 2(a) of the Robinson-Patman Act, the court stated:

Part of the fallacy of the Commission's position lies in its analysis of the competitive situation between the various manufacturers. This is reflected in its order where it refers to manufacturers "who in fact compete in the sale and distribution of such furnace controls," as if the controls themselves were the article of merchandise they dealt in instead of the burners of which the controls were only one part. It may be true that if the manufacturers were generally selling controls as such, a differential of two or three dollars in the price they paid for them would have a substantial effect on the price obtained. Under such circumstances, a finding that a competitive advantage in purchase price paid would necessarily give rise to a competitive advantage in sale price would perhaps be justified. But where the controls were used in the manufacture of burners, the cost of which was determined by many other factors—cost of other materials and parts, service, advertising, to mention only a few—it cannot be said that discriminatory price differentials substantially injure competition or that there is any reasonable probability or even possibility that they will do so. Cf. *Corn Products Refining Co. v. Federal Trade Commission*, 324 U.S. 726, 738, 742, 65 S.Ct. 961, 89 L.Ed. 1320 [1945]; *Federal Trade Commission v. Morton Salt Co.*, 334 U.S. 37, 46, 68 S.Ct. 822, 92 L.Ed. 1196 [1948]. And a mere possibility of such injury is insufficient to sustain a charge of violation of the Act. *Corn Products Refining Co. v. Federal Trade Commission*, 324 U.S. 726, 742, 65 S.Ct. 961, 89 L.Ed. 1320.

191 F.2d 786, 792.

Guided by the above-stated principles, it is concluded that an "analysis of the competitive situation" between an appliance dealer and a seller of real estate does not lead to the finding of "competitive advantage" or of "substantial injury" to competi-

tion necessary to sustain a charge of Robinson-Patman violation.

An appropriate order will be entered.

### ORDER

AND NOW, this 8th day of September, 1976, after hearing and upon due consideration of defendant's Motion for Summary Judgment as to Count I of Plaintiff's Complaint, it appearing that there is no substantial dispute as to any material fact,

IT IS ORDERED, for the reasons stated in the foregoing Memorandum, that defendant's Motion be and the same is hereby granted.